UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 8, 2018

Edward S. Zizmor, Esq.
60 Court Street
Hackensack, NJ 07601
*Attorney for Plaintiff*

Daniel E. Bryer
Robinson & Cole, LLP
Chrysler East Building
666 Third Avenue, 20th Floor
New York, NY 10017
*Attorney for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Advanced Ortho Hand Surgery PA v. Oxford Health Insurance, Inc.**
Civil Action No. 17-7380 (SDW)(LDW)

Counsel:

Before this Court is Defendant Oxford Health Insurance, Inc.'s[1] Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Remand is **DENIED** as moot.

## DISCUSSION

Plaintiff Advanced Ortho Hand Surgery PA is a medical services provider licensed in the State of New Jersey. (Compl., First Count ¶ 1, ECF No. 1-2.) Defendant Oxford Health Insurance, Inc. ("Defendant") is an insurance company licensed to do business in New Jersey. (Compl., First Count ¶ 2.) On or about July 17, 2017, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey seeking payment for unpaid medical services. (*See generally*

---

[1] This Court notes that Defendant Oxford Health Insurance, Inc. was incorrectly sued herein as Oxford Healthcare. (ECF No. 2-1 at 1.)

Compl.) On July 28, 2017, Plaintiff's counsel mailed a copy of the Summons and Complaint to Oxford Healthcare, PO Box 29136, Hot Springs, AK 71903 by Certified Mail and First Class Mail. (ECF No. 2-4 at 1.) On August 7, 2017, the Certified Mail was received by Hot Springs National Park and signed for by Kevin Gray, who is not an employee or authorized representative of Defendant. (ECF No. 2-1 at 2; *see also* ECF No. 2-2 ¶ 1.) On August 25, 2017, Defendant received the First Class mailing. (ECF No. 2-2 ¶ 2.) On September 22, 2017, Defendant removed the case to this Court, highlighting Plaintiff's insufficient service of process and reserving its right to move for dismissal based on the same. (ECF No. 1). On September 29, 2017, Defendant moved to dismiss the Complaint for insufficient service of process.[2] (ECF. No. 2.) On October 10, 2017, Plaintiff moved to remand the case.[3] (ECF No. 4.)

       A motion to dismiss for insufficient service of process is properly brought under Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). "[A] federal court may not exercise personal jurisdiction over a defendant until the defendant has been properly served." *Trzaska v. L'Oréal USA, Inc.*, No. 15-cv-02713, 2017 U.S. Dist. LEXIS 203991, at *3 (D.N.J. Dec. 12, 2017). "The party asserting the validity of service bears the burden of proof on that issue." *Sims v. City of Phila.*, 552 Fed. App'x. 175, 177 (3d Cir. 2014) (quoting *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993)). Because this matter was pending in the Superior Court of New Jersey prior to removal, this Court must examine the sufficiency of Plaintiff's service under New Jersey law. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009) ("To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made.").

       New Jersey Rules of Court ("Rule") 4:4-4(a), which governs the primary method of obtaining in personam jurisdiction over a defendant in this State, provides that a plaintiff may effectuate service upon a corporation by:

> serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on *any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof* . . . .

N.J. Ct. R. 4:4-4(a)(6) (emphasis added). Rule 4:4-4(c) also allows service of process to be effected by registered, certified or ordinary mail, in lieu of personal service, "only if the defendant answers the complaint or otherwise appears in response thereto." N.J. Ct. R. 4:4-4(c). However, "[i]f defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule . . . ." *Id.*

       Here, Plaintiff attempted to effectuate service, in accordance with Rule 4:4-4(c), by sending copies of the Summons and Complaint to Defendant by Certified and First Class mail on July 28, 2017. (ECF No. 2-4 at 1.) However, Rule 4:4-4(c) makes clear that service is not effective unless Defendant answers or appears within 60 days following the mailed service. As

---

[2] Plaintiff filed its opposition on October 10, 2017, and Defendant replied on October 30, 2017. (ECF Nos. 3, 5.)

[3] Defendant filed its opposition on November 10, 2017, and Plaintiff replied November 15, 2017. (ECF Nos. 8, 9.)

of September 26, 2017, Defendant had not answered or appeared in response to the Complaint. Therefore, Plaintiff's service of process under Rule 4:4-4(c) is ineffective. Plaintiff must effectuate service as prescribed by Rule 4:4-4(a)(6).[4] As such, Plaintiff's complaint is dismissed without prejudice.[5]

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs Motion to Remand is **DENIED** as moot. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
              Parties

---

[4] Plaintiff has not provided any information to indicate that service could not be made upon any person described in Rule 4:4-4(a)(6).

[5] Given that Plaintiff has failed to properly serve Defendant, this Court lacks jurisdiction to analyze the merits of Plaintiff's motion to remand.